UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELO OWENS,

    Plaintiff,

-vs-                                  Case No. 6:04-cv-1887-Orl-22JGG

S&S AUTOMOTIVE, INC., SANDS
TOWING, STEVEN COMBS, and
SHARON COMBS,

    Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for hearing on November 28, 2005 on the following stipulation:

| | |
|---|---|
| **MOTION:** | **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** (Doc. No. 20) |
| **FILED:** | May 18, 2005 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** subject to deducted sanctions.

### I. BACKGROUND

Plaintiff Angelo Owens brought this action against Defendants S&S Automotive, Inc., Sands Towing, Steven Combs, and Sharon Combs for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages. The parties filed a Joint Stipulation for Dismissal with Prejudice on May 18, 2005, stating that "all of the pending

claims in this cause have been compromised and fully resolved." Docket No. 20. Defendants paid the amount agreed upon in the settlement agreement (including attorney's fees and costs) before they filed the May 18, 2005 joint stipulation now before the Court.

On May 26, 2005, the Honorable Anne C. Conway set a hearing on the settlement agreement, *ordering the parties to attend the hearing along with their counsel*. Docket No. 21. Judge Conway held the hearing on June 8, 2005. Docket No. 24. Defendants, counsel for Defendants, and Plaintiff's counsel appeared. Plaintiff Owens did not appear. Judge Conway continued the hearing in order for the Plaintiff to appear and for Plaintiff's counsel to file an affidavit on attorney's fees. *Id*. Plaintiff's counsel filed an affidavit of his attorney's fees and costs on June 15, 2005. Docket No. 25.

On September 21, 2005, the Honorable Anne C. Conway referred the matter to the undersigned for issuance of a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute. In response to Judge Conway's order, the undersigned scheduled a hearing and *ordered all parties to appear in person*. Docket No. 27. The Court warned that "[s]anctions may be imposed for failure to appear in person." *Id*.

The undersigned held a hearing on the settlement agreement on November 28, 2005. Defendants Steven and Sharon Combs appeared on behalf of themselves and as representatives for the corporate Defendants. Plaintiff's counsel, Charles Scalise, appeared, but again, Plaintiff Owens did not appear.

Defendants and Plaintiff's counsel made an *ore tenus* joint motion to file under seal the Confidential Settlement Agreement and General Release ("Settlement Agreement"). The Court granted the motion, and reviewed the Settlement Agreement. Defendants then made an *ore tenus* motion to dismiss the case and to disgorge the amount of the settlement agreement already paid by

Defendants as a sanction for Plaintiff's failure to appear at both hearings on the Settlement Agreement.[1]

## II.     THE LAW

### A.     Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

---

[1] Defendants' counsel stated that he was moving for disgorgement pursuant to the Court's "inherent power" to sanction. Counsel considered the possibility of moving for sanctions pursuant to 28 U.S.C. § 1927, but stated that he was he was familiar with the § 1927 caselaw and did not think § 1927 sanctions applied in these circumstances. Defendants' counsel is correct that § 1927 sanctions are not warranted. Section 1927 allows district courts to assess attorney's fees against counsel who wilfully abuse the judicial process by "conduct tantamount to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992). The Court finds no pattern of conduct by Plaintiff's counsel that could warrant sanctions under § 1927.

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.  Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use

Case 6:04-cv-01887-ACC-JGG   Document 30   Filed 03/16/06   Page 5 of 12 PageID 98

of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[2]

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth*

---

[2] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

*Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. The Court takes judicial notice of Judge Conway's order in *Perez v. Nationwide Protective Services*, Case 6:05-cv-328-ORL-22JGG (October 31, 2005), where she ruled that "[t]he Court notes that it has an obligation to ascertain the reasonableness of any attorney fee award. However, an in depth analysis is not necessary unless the unreasonableness is apparent from the face of the documents."

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

C.  **Sanctions**

  *1.  Federal Rules of Civil Procedure*

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16(f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling **or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B)  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D)  In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The

sanctions contained in Rule 16 (f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535.

### 2. *The Court's Inherent Power*

In addition, the district court possesses the inherent power to police its docket. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo*, 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo*, 864 F.2d at 102.

Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth*, 766 F.2d at 1535; *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth*, 766 F.2d at 1535.

In *Goforth*, dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth*, 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth*, plaintiff's counsel failed to submit

a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *See Goforth*, 766 F.2d at 1535. Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *See Goforth, 766 F.2d at 1535*.

In *Mingo*, a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice. *See Mingo v. Sugar Cane Growers Co-Op of Florida*, 1989 WL 205633 (S.D. Fla. May 26, 1989), on remand from *Mingo*, 864 F.2d 101, 102 (11th Cir. 1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

### III.   APPLICATION

During the fairness hearing, Defendants' requested that the Court "terminate the litigation" and allow Defendants to receive some or all of the amount paid pursuant to the Settlement Agreement as a sanction for Plaintiff's failure to appear at two hearings. Defendants argued that Plaintiff's failure to appear causes Defendants to incur more attorney's fees and wastes both the Court and Defendants' time. Defendants are correct.

Defendants already paid to Plaintiff and Plaintiff's counsel a total of $5,000. Under the terms of the Settlement Agreement, Defendants paid the settlement amount by three checks in separate allocations: 1.) $1,000 payable to Plaintiff Owens as back wages, 2.) $1,000 payable to Plaintiff Owens for liquidated damages, and 3.) $3,000 payable the law offices of the Pantas Law Firm, P.A.

(Scalise's law firm) as attorney's fees and costs. The undersigned recommends that Plaintiff's counsel be ordered to return the $1,000 check payable to Plaintiff Owens for liquidated damages as a sanction against Plaintiff for his failure to comply with two pretrial orders (Docket Nos. 21, 27) pursuant to Fed. R. Civ. P. 16 (f) and the Court's inherent power to police its own docket.[3]

The undersigned also recommends that the Court otherwise approve the Settlement Agreement. It is clear that both Plaintiff and Defendants do not want this action to remain pending. Defendants settled all claims in order to avoid rising litigation costs. Plaintiff was employed by Defendants and claimed that he was not compensated at the rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per week. Docket No. 1 at 3, ¶ 13. Defendants denied these allegations in their answer, and continue to deny these allegations. Docket No. 12 at 3. The Court, therefore, finds there was a bona fide dispute as to liability. The parties also disputed the number of overtime hours worked by Plaintiff, and the amount of overtime wages already paid to Plaintiff during his employment.

In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. During the hearing, Plaintiff's counsel stated that he advised Plaintiff to accept Defendants' offer of settlement, and that Plaintiff was satisfied with the settlement. Based on the amount paid to Plaintiff and the parties' conduct during

---

[3] As stated earlier, the Court finds no pattern of conduct that warrants sanctions against counsel for Owens. No settlement having been approved by this Court, however, counsel for Owens should still be holding Owens' checks in escrow. If Owens has ignored this Court's orders and failed to appear because counsel has already paid Owens in anticipation of this Court's fairness determination, then the burden falls on counsel for Owens to return $1,000 and obtain reimbursement from Owens.

the settlement hearings, there is no suggestion of collusion. The settlement is a fair and reasonable resolution of a bona fide dispute.

Defendants do not contest the number of hours or amount of attorneys' fees or costs. The Court independently reviewed the affidavit of attorney's fees and costs by Plaintiff's counsel and agrees that the number of hours worked appears reasonable. *See* Docket No. 25. As there is no unreasonableness apparent from the face of the documents, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiffs' counsel.

Therefore it is **RECOMMENDED**:

1. Defendants' *ore tenus* motion for sanctions should be granted, and Plaintiff's counsel should be ordered to return $1,000 to Defendants out of Plaintiff's share of the settlement amount or otherwise;

2. The settlement reached by the parties should be otherwise approved;

3. The case should be dismissed with prejudice; and

4. The Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 16, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Courtroom Deputy